■ MARTIN LASHER, Appellant, v MAC RACER, Respondent.—In an action to recover a brokerage commission, plaintiff appeals from an order of the Supreme Court, Kings County, dated February 9, 1978, which denied his motion for summary judgment and granted defendant's cross application for summary judgment dismissing the complaint. Order modified, on the law, by deleting the second and third decretal paragraphs thereof and substituting therefor a provision denying the defendant's cross application for summary judgment. As so modified, order affirmed, without costs or disbursements. In October, 1969 the parties entered into a letter agreement whereby defendant was to pay plaintiff $35,000 as brokerage commissions pertaining to the sale of certain stock on condition that: (1) the transaction closes; and (2) the purchaser actually makes the payments required under the contract. The agreement further provided a schedule of payments corresponding to the underlying contract agreement. The transaction closed and initial payments were made by the purchaser. Pursuant to the brokerage agreement, payments were made to the plaintiff. However, the purchaser subsequently defaulted and, although the sales agreement was modified to extend the time to pay, the purchaser failed to cure the default. Consequently, no further sums were paid to plaintiff on the brokerage agreement. In July, 1975 defendant and the original purchaser entered into a new agreement which provided, *inter alia,* for the payment to defendant of approximately

two thirds of the outstanding balance on the original purchase price. Relying upon the payment made under the 1975 agreement, plaintiff now seeks recovery of the balance due under the brokerage agreement. Defendant counters that the condition contained in the brokerage agreement, of actual payment under the sales contract, has not been satisfied because of the purchaser's default. However, on the instant record, neither the fact of the purchaser's initial default nor the fact of the ultimate payment is dispositive. The present record leaves unclear several factual issues regarding the circumstances of the default and the status of the 1975 agreement. The brokerage agreement makes actual performance of the sales agreement a condition precedent to the payment of brokerage commissions. This condition may be waived where the seller actively prevents or hinders performance (see *Amies v Wesnofske*, 255 NY 156). This is a question of fact which necessarily precludes the granting of defendant's cross application for summary judgment. Plaintiff's motion was properly denied because of the factual issue of whether the 1975 agreement constituted a modification of the original sales agreement thereby actively excusing the original default in an effort to keep the original transaction alive (see *Hilsenrath v Dale Holding Corp.*, 37 NYS2d 134), or whether it was merely an effort to salvage something from a broken contract without also receiving something of value to which defendant was not already entitled (see *Amies v Wesnofske, supra; Weber v Askin*, 19 AD2d 77). A more complete record is necessary before these issues may be resolved. Accordingly, summary judgment cannot be granted. Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur.